IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN R. MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-07-1404-C |
| | ) | |
| STATE OF OKLAHOMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff John Murray, proceeding pro se, filed this federal complaint against more than

forty Defendants, comprising both government and private individuals and entities. (See

Compl., Dkt. No. 1.)  Some Defendants have filed motions to dismiss, and Plaintiff has

responded to several of these motions.  Plaintiff also has filed various discovery motions and

motions for default judgment.  Accordingly, these matters are now at issue.

I. STANDARD

In ruling on motions to dismiss for failure to state a claim under Fed. R. Civ. P.

12(b)(6), the Court must assume as true all well-pleaded factual allegations in the plaintiff's

complaint, view them in the light most favorable to the plaintiff, and resolve all reasonable

inferences in the plaintiff's favor.  Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).

Although the Court construes a pro se litigant's pleadings liberally, parties proceeding pro se

must follow the same procedural rules that govern other litigants.  Kay v. Bemis, 500 F.3d

1214, 1218 (10th Cir. 2007).  The Court must determine "whether the complaint contains

'enough facts to state a claim to relief that is plausible on its face.'"  Ridge at Red Hawk,

L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1974 (2007)).  In order to survive Defendants' Rule 12(b)(6) motions to dismiss, Plaintiff "must 'nudge[ ] [his] claims across the line from conceivable to plausible.'"  Id. (alterations in original) (quoting Bell Atl. Corp., ___ U.S. at ___, 127 S. Ct. at 1974).  The Tenth Circuit has described this inquiry to mean that "the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."  Id.

## II. BACKGROUND

In his nine-page handwritten complaint, Plaintiff alleges a litany of abuses and violations of his rights by Defendants in violation of the "Federal 'Persons with Disabilities Act,'" – presumably, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq. – and the Equal Protection Clause of the United States Constitution[1] and requests an award of

---

[1] Though not stated in the complaint, its accompanying cover sheet notes that Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983, which "creates a cause of action against individuals who violate federal law while acting under color of state law" as further explained in this Order.  See David v. City & County of Denver, 101 F.3d 1344, 1353 (10th Cir. 1996) (internal quotation and citation marks omitted).  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

$30 million.[2]  (See Compl. at 8-9.)  Though extremely difficult to decipher, it appears that the bulk of Plaintiff's claims center around: (1) a 2006 arrest by the Cleveland County Sheriff's Department for assault with a deadly weapon; (2) his ongoing dispute with and purported harassment by property owners in the Running Deer Hills neighborhood in Cleveland County, Oklahoma; (3) various state officers' and agencies' failure to properly address Plaintiff's complaints regarding corruption in the Cleveland County Sheriff's Office, including: mistreatment on account of Plaintiff's "disability," i.e., his sexual orientation, substandard jail conditions, and officials permitting Plaintiff's neighbor to harass Plaintiff and allow violations of the neighborhood restrictions within Running Deer Hills; (4) certain Defendants' refusal to respond to subpoenas, provide requested discovery items, and carry out requested investigations, apparently in connection with earlier state court actions initiated by Plaintiff; and (5) misconduct by the state court judge, litigants, and attorneys, possibly in both the civil actions and in proceedings following Plaintiff's arrest.  In light of the myriad motions filed in this case, for the sake of clarity the Court will address Plaintiff's claims against each Defendant, or group of jointly-represented Defendants, in turn.

A. The "Cleveland County Defendants": Cleveland County Oklahoma; Cleveland County Commissioner George Skinner; Cleveland County Commissioner Rusty Sullivan; Cleve[la]nd Co. Sheriff DeWayne Beggs; C. C. Deputy Lt. [Malcolm] Thomason; C.C. Deputy Thomas Edwards; C.C. Deputy Michael Finley; C.C. Deputy John Murrell.

The above-listed Defendants ("Cleveland County Defendants") filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  (See Cleveland County Defs.' Mot. to Dismiss,

---

[2] Because Plaintiff did not number the pages of his Complaint, page numbers in this order refer to those numbers placed on each page by the Western District's electronic docketing system.

Dkt. No. 6.)  Plaintiff filed a general response to various Defendants' motions to dismiss which appears to encompass this motion.  (See Pl.'s Resp., Dkt. No. 33.)

To bring suit under § 1983, Plaintiff must allege facts demonstrating: (1) Defendants deprived him of a constitutional or federal right; and (2) Defendants deprived him of this right under color of law.  Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988).  "A constitutional claim under § 1983 should not be dismissed unless it appears beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief."  Id.  The individual Cleveland County Defendants do not dispute that any actions taken would have been under color of law, so in order to survive Defendants' 12(b)(6) motion to dismiss, Plaintiff must allege facts, rather than mere conclusions, that would constitute a constitutional violation by Defendants.  Grubbs v. Bailes, 445 F.3d 1275, 1278 (10th Cir.), cert. denied, ___ U.S. ___, 127 S. Ct. 384 (2006) (noting that though various "constitutional claims . . . under § 1983 are analyzed in light of analogous torts, . . . the ultimate and indispensable element of such a claim is the deprivation of a constitutional right").  Thus, the Court must first determine whether Plaintiff alleges sufficient facts in his complaint that, if proven, would state a claim under § 1983.

Having carefully reviewed Plaintiff's complaint, the Court finds that Plaintiff has not sufficiently stated a claim upon which relief can be granted in regard to any of the Cleveland County individual Defendants or Cleveland County itself.  Plaintiff's complaint narrates a host of allegations of purported wrongdoing against him, mainly in connection with the treatment he received in the course of his 2006 arrest.  (See Compl. at 1-6.)  Even liberally construed,

none of these conclusory allegations directed at the Cleveland County Defendants would support a plausible claim to relief for violation of the Equal Protection Clause, the ADA, or any other federal right.  Further, Plaintiff's complaint fails to state any allegation against Cleveland County, let alone allege any custom, policy, or act of a final policymaker of this Defendant that caused him to suffer any deprivation of a constitutional or federal right.  See Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 737 (1989), superseded by statute on other grounds, Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1072.  Plaintiff's complaint does not provide "reason to believe that [he] has a reasonable likelihood of mustering factual support" for any federal claims, see Ridge at Red Hawk, 493 F.3d at 1177, and so it shall be dismissed as to the Cleveland County Defendants.[3]

*B. The "District Attorney Defendants": C.C. District Attorney Greg Mashburn; C.C. Asst. District Attorney David Batton; C.C. Asst. District Attorney Christy Miller; C.C. Asst. District Attorney Susan Caswell; C.C. Asst. District Attorney Richard Stevens; C.C. Asst. District Attorney Della Long;[4] Cleveland County District Judge Tom Lucas*

The District Attorney Defendants filed a motion to dismiss (see Dkt. No. 15), to which Plaintiff filed a general response.  (See Pl.'s Resp.)  Plaintiff generally asserts that the District Attorney Defendants refused to comply with discovery requests in his civil action and refused

---

[3] The individual Cleveland County Defendants, as well as other government officials named as Defendants in this case, asserted qualified immunity as a defense to possible claims against them in their individual capacities.  "This defense shields government officials performing discretionary functions from liability if their conduct does not violate clearly established rights of which a reasonable government official would have known."  Graves v. Thomas, 450 F.3d 1215, 1218 (10th Cir. 2006) (internal quotation marks and citation omitted).  Because Plaintiff fails to allege facts demonstrating a constitutional violation as to any Defendant, it is not necessary to examine whether any Defendant would be entitled to qualified immunity.

[4] In their response, Defendants state that "Della Long" is actually Golda Long and that the "Chubby Blonde Asst. D.A." referenced by Plaintiff in his complaint could not be identified.

to dismiss charges against Plaintiff. Plaintiff fails to state any specific claim against Defendants Mashburn or Stevens, and his claims against various other Assistant District Attorneys do not allege any violations of constitutional or federal rights. As with the first group of defendants discussed, Plaintiff's complaint fails to allege facts demonstrating a constitutional or federal violation as required to bring suit under § 1983. Thus, his complaint cannot pass muster under Fed. R. Civ. P. 12(b)(6).

Plaintiff claims that Judge Lucas permitted misdeeds during an earlier civil action brought by Plaintiff (see Compl. at 6) with regard to filings by the other parties and his dismissal of the case, purportedly on the basis of Plaintiff's pro se status and false statements made by opposing counsel. Judge Lucas, however, is entitled to absolute judicial immunity from suit under § 1983 for performance of judicial acts, i.e., functions normally performed by a presiding judge. See Hunt v. Bennett, 17 F.3d 1263, 1266-67 (10th Cir. 1994) ("[A] state judge is absolutely immune from § 1983 liability except when the judge acts in the clear absence of all jurisdiction." (internal quotation marks and citation omitted)). Plaintiff's claims against Judge Lucas likewise are subject to dismissal.

*C. The "State Defendants": State of Oklahoma; Governor Brad Henry; Attorney General Drew Edmondson; Oklahoma [State] Bureau of Investigation; [OSBI] Director De[W]ade Langley*

The State Defendants have filed a motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) (see Dkt. No. 8), and Plaintiff filed a general response (see Pl.'s Resp.). Plaintiff's allegations against the State Defendants are centered around their failure to properly respond to Plaintiff's admittedly "[]numerous" telephone calls to their offices. He makes no

specific assertion as to Langley, and there is no discernable constitutional or federal claim in the factual allegations against any of the other State Defendants in either an official or individual capacity; thus, dismissal is warranted.

*D. Defendant Tim D. Kuykendall*

Defendant Kuykendall, an attorney representing himself in this case, filed a motion to dismiss Plaintiff's complaint pursuant to Fed. R. Civ. P. 11 as well as Rule 12(b)(6).  (<u>See</u> Dkt. No. 17.)  Plaintiff has filed a general response.  (<u>See</u> Pl.'s Resp.)

Plaintiff's complaint lays out several allegations against Kuykendall, apparently stemming from Kuykendall's legal representation of Plaintiff during proceedings in state court. Without further explanation, Plaintiff avers that Kuykendall simultaneously caused stress to Plaintiff, encouraged him to plead guilty to false charges, and has failed to protect Plaintiff's rights by "allowing" defendants in Plaintiff's civil suit to fail to answer subpoenas and to supply 911 tapes.  (<u>See</u> Compl. at 7.)  While Plaintiff may hold a grievance against Kuykendall regarding inadequate legal representation, none of his allegations conceivably support a plausible claim under the ADA.  Even construing Plaintiff's complaint liberally, the Court will neither "supply additional facts" nor "construct a legal theory for plaintiff that assumes facts that have not been pleaded."  <u>Dunn v. White</u>, 880 F.2d 1188, 1197 (10th Cir. 1989).

Further, Plaintiff fails to state a plausible constitutional claim against Kuykendall, a non-government official during the time frame noted in the complaint.  As to any potential equal protection claim, although government action is subject to Fourteenth Amendment scrutiny, "private conduct, . . . however discriminatory or wrongful, is not subject to the

Fourteenth Amendment's prohibitions." <u>Gallagher v. "Neil Young Freedom Concert"</u>, 49 F.3d 1442, 1446 (10th Cir. 1995) (internal quotation marks and citations omitted).  Section 1983

> establishes a similar dichotomy.  Under Section 1983, liability attaches only to conduct occurring "under color of law."  Thus, the only proper defendants in a Section 1983 claim are those who represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.  Accordingly, the conduct that constitutes state action under the . . . Fourteenth Amendment[] necessarily constitutes conduct "under color of law" pursuant to Section 1983.

<u>Id.</u> at 1447 (first alteration in original) (citations and internal quotation marks omitted); <u>see also</u> <u>Ward v. St. Anthony Hosp.</u>, 476 F.2d 671, 673-74 (10th Cir. 1973) ("[I]nvasion of civil rights by an individual is not the subject matter of the Fourteenth Amendment.  Nor does the Equal Protection Clause prohibit violations of individual rights unless to some significant extent the state is found to have become involved in the violations.").  Although various theories of liability do exist under which actions of a private entity can be considered as taken "under color of state law," nothing in Plaintiff's factual allegations of mistreatment supports or even suggests a theory where Kuykendall took any actions under color of law.  <u>See</u> <u>Gallagher</u>, 49 F.3d at 1447-56 (discussing theories).  Because Plaintiff's complaint does not provide the Court any reason to believe that Plaintiff has a reasonable likelihood of mustering factual support for any constitutional or federal claim against Kuykendall, those claims cannot survive under Rule 12(b)(6).

*E. Defendant Staff Member Andrea Collum*

In her motion to dismiss (<u>see</u> Dkt. No. 19; Pl.'s Resp.), Defendant Collum identifies herself as the Agency Liaison and Public Policy Specialist for Defendant Governor Henry's

office.  Plaintiff's complaint is devoid of any mention of Defendant Collum, let alone a constitutional or federal cause of action against her in either an official or individual capacity. As addressed above, Plaintiff's factual allegations likewise do not set forth any plausible, cognizable claim against the State of Oklahoma or Governor Henry which could implicate Defendant Collum.  Therefore, the complaint shall be dismissed as to Defendant Collum.

*F. The "Kendricks Defendants": [Oklahoma] Human Rights Commission; Director Kenneth Kendricks; [Oklahoma State Bureau of Investigation] Investigator Steve Ne[u]man; Oklahoma Dept. of Health*

The Kendricks Defendants request that the Court dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) (see Dkt. No. 27; Pl.'s Resp.).  Though difficult to discern, Plaintiff's allegations with respect to these Defendants center around: the dismissal of a complaint he filed with the Oklahoma Human Rights Commission; the conditions of the Cleveland County jail; and a telephone call made by Defendant Neuman to Plaintiff's then-attorney Defendant Kuykendall wherein Defendant Neuman stated that Plaintiff's telephone calls to OSBI were considered threatening and that OSBI did not intend to investigate Plaintiff's allegations of corruption in the Cleveland County Sheriff's Department.  (See Compl. at 4-5.)

Having carefully considered Plaintiff's assertions, it is evident that Plaintiff provides few facts (amidst various conclusory allegations) which, even liberally construed in Plaintiff's favor, would provide support for a plausible federal law or constitutional violation by any of the Kendricks Defendants; therefore, dismissal is appropriate pursuant to Rule 12(b)(6).

*G. Defendant Country Boy Grocery #9*

In his complaint, Plaintiff without further elaboration alleges that "Country Boy Grocery #9 has allowed it's [sic] employees to harrass [sic], mallign [sic], scream profanities at, and even fabricate alleged facts against Plaintiff Murray in an attempt to deny Plaintiff of his civil right, freedom, and drive him from his home."  (See Compl. at 7-8.)  Country Boy filed a motion to dismiss (see Def. Country Boy's Mot. to Dismiss, Dkt. No. 21), to which Plaintiff responded (see Pl.'s Resp. to Country Boy, Dkt. No. 75); Country Boy then replied (see Dkt. No. 95).  Plaintiff's response further alleges that a Country Boy night manager was a witness to an incident involving Plaintiff and sometime thereafter that manager provided fabricated facts that were used in a police report or affidavit.  (Pl.'s Resp. to Country Boy.)

As fully explained by Defendant Country Boy, a private entity, in its motion to dismiss, Plaintiff's factual allegations do not support a plausible claim for relief.  First, with respect to any possible ADA claim, Plaintiff cannot state a claim under Title I of the federal statute, which requires a plaintiff to allege that he or she was discriminated against in regard to terms and conditions of employment.  See 42 U.S.C. § 12112(a).  Country Boy asserts that Plaintiff was not its employee, and Plaintiff does not allege otherwise.  Plaintiff cannot maintain a cause of action under Title II of ADA because this subchapter applies only to discrimination by a "public entity," which would not include a private grocery store.  See id. §§ 12131(1), 12132.  Title III of ADA prohibits discrimination against persons with disabilities in places of "public accommodation"; Country Boy admits that it is considered a place of public accommodation.  (See Def. Country Boy's Mot. to Dismiss at 4); 42 U.S.C. §§ 12181(7)(E), 12182(a).  As a threshold matter, however, "any plaintiff asserting a claim under the ADA must establish he

or she is a 'qualified individual with a disability.'" <u>See</u> <u>Lanman v. Johnson County, Kan.</u>, 393

F.3d 1151, 1156 (10th Cir. 2004) (<u>quoting</u> 42 U.S.C. § 12112(a)).  The only conceivable

assertion of disability set forth by Plaintiff in his complaint or response is that of his sexual

orientation.  (<u>See</u> Compl. at 4.)  The provisions of the ADA expressly exclude homosexuality,

bisexuality, and other sexual disorders from conditions covered by that statute; thus, Plaintiff

fails to state an ADA claim against Country Boy.  <u>See</u> 42 U.S.C. § 12211; <u>Den Hartog v.</u>

<u>Wasatch Acad.</u>, 129 F.3d 1076, 1086 n.9 (10th Cir. 1997).

Plaintiff likewise fails to state a plausible equal protection claim against Country Boy.

In his response, Plaintiff suggests that he is claiming he was denied equal protection after an

incident at the grocery store when a night manager at the store allegedly provided fabricated

facts to the police and the police pressed charges against Plaintiff.  (<u>See</u> Pl.'s Resp. to Country

Boy.)  However, similar to the claims against Defendant Kuykendall discussed above, Plaintiff

fails to plead any facts suggesting that Country Boy took any actions under color of state law

as required for liability under § 1983.  <u>See</u> <u>Gallagher</u>, 49 F.3d at 1447-56.  Plaintiff's

allegations are insufficient to state a claim for relief against Country Boy under § 1983 for

violation of equal protection or any other constitutional right.

Moreover, to the extent that Plaintiff may be attempting to argue that the Country Boy night manager conspired in fabricating facts in violation of 42 U.S.C. § 1985(3),[5] which prohibits conspiracy to deprive another of the equal protection of the laws, his claims also cannot withstand Rule 12(b)(6).

> The case law has defined the elements of a claim under this statute. The essential elements of a § 1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom. . . .  [H]owever, § 1985(3) does not "apply to all tortious, conspiratorial interferences with the rights of others," but rather, only to conspiracies motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." The other "class-based animus" language of this requirement has been narrowly construed and does not, for example, reach conspiracies motivated by an economic or commercial bias. In fact, the Supreme Court has held that it is a close question whether § 1985(3) was intended to reach any class-based animus other than animus against Negroes and those who championed their cause.

Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993) (citations and internal quotation marks omitted) (quoting Griffin v. Breckenridge, 403 U.S. 88, 101-02 (1971)).

---

[5] Section 1985(3) provides in relevant part:

> If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws . . .  n any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

Even assuming arguendo, under a liberal construction of the complaint's factual allegations, that Plaintiff has adequately alleged a conspiracy between Defendant Country Boy and "the State" – seemingly either the Cleveland County District Attorney's office or the Cleveland County Sheriff's Department (see Pl.'s Resp. to Country Boy) – to deprive him of an existing right, and further assuming that Country Boy could somehow be held liable for acts taken by its night manager, Plaintiff still fails to allege any facts showing a "class-based animus" behind a conspiracy to deprive him of equal protection – a necessary element under § 1985(3).  See Griffin, 403 U.S. at 102; Dixon v. City of Lawton, Okla., 898 F.2d 1443, 1447 (10th Cir. 1990) ("[Section] 1985(3) requires proof that a conspirator's action was motivated by a class-based, invidiously discriminatory animus[.]"); Silkwood v. Kerr-McGee Corp., 637 F.2d 743, 746 (10th Cir. 1980).

Plaintiff's only cited "class-based" characteristic is his sexual orientation (see Compl. at 4).  The Court is unaware of any authority for the proposition that sexual orientation is a classification protected under § 1985(3), although numerous courts have taken the contrary view.  See, e.g., DeSantis v. Pac. Tel. & Tel. Co., 608 F.2d 327, 332-33 (9th Cir. 1979), abrogated on other grounds by Nichols v. Azteca Rest. Enters., Inc., 256 F.3d 864, 875 (9th Cir. 2001); Segreto v. Kirschner, 977 F. Supp. 553, 564-65 (D. Conn. 1997); Gay Veterans Ass'n v. Am. Legion-N.Y. County Org., 621 F. Supp. 1510, 1515-16 (S.D.N.Y. 1985).  Because Plaintiff's factual allegations cannot plausibly support a claim to relief under the Constitution or the ADA, his claims against Defendant Country Boy shall be dismissed.

*H. The "Lee Defendants": Comingdeer, Lee [&] Gooch; David W. Lee; Ambre C. Gooch*

The Lee Defendants, all non-government entities, filed a motion to dismiss (Dkt. No. 30), and Plaintiff has responded (Dkt. No. 76).  Plaintiff's complaint contains no factual allegations against Defendant law firm Comingdeer, Lee & Gooch.  Regarding Defendants Lee and Gooch, Plaintiff's factual allegations revolve around their purported discovery and filing misdeeds on behalf of their clients during Plaintiff's earlier state court civil proceeding in front of Defendant Judge Lucas, as well as an assertion that Gooch gave inaccurate answers to Judge Lucas.  (See Compl. at 6-7.)  None of his allegations could support a viable ADA or equal protection claim against these Defendants.  Having reviewed the complaint, the Lee Defendants' motion, and Plaintiff's response, it is clear that even accepting Plaintiff's factual allegations as true, the complaint does not state a plausible federal law or constitutional claim against any of the Lee Defendants and shall be dismissed pursuant to Rule 12(b)(6).

*I. The "Running Deer Hills Defendants": Property Owners of Running Deer Hills; Officer Keith Bolles; Cheryl Blake*

The Running Deer Hills Defendants, all non-government entities, filed three identical motions to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) (Dkt. Nos. 92, 93, 94) on February 19, 2008, and Plaintiff has responded (Dkt. No. 118).[6]  Because federal courts are courts of limited jurisdiction, there is a presumption against the Court's jurisdiction over this case, and Plaintiff, as the party invoking federal jurisdiction, bears the burden of proof.  See Marcus v.

---

[6] In Plaintiff's response, he argues that Defendant Bolles' motion, filed February 19, 2008, is untimely.  The docket sheet reflects that Bolles was served with summons on December 20, 2007, and thus his motion to dismiss was due within twenty days of that date.  Fed. R. Civ. P. 12(a)(1). In light of the complex and extremely confusing nature of Plaintiff's complaint and of the filings of pleadings in this case, however, the Court will consider Bolles' motion as though timely filed.

<u>Kan. Dep't of Revenue</u>, 170 F.3d 1305, 1309 (10th Cir. 1999).  The standard of review for motions to dismiss pursuant to Rule 12(b)(1) is set forth in <u>Holt v. United States</u>. 46 F.3d 1000 (10th Cir. 1995).  Here, the Running Deer Hills Defendants limit their motion to a facial challenge to the complaint's allegations as to subject-matter jurisdiction.  In reviewing such a facial attack, questioning the sufficiency of the complaint, the Court "must accept the allegations in the complaint as true." <u>Id.</u> at 1002.  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

There is no showing of diversity of citizenship, and thus the Court must examine whether Plaintiff has demonstrated that federal question jurisdiction exists in this case.

> A plaintiff creates federal-question jurisdiction by means of a well-pleaded complaint establish[ing] either that federal law creates the cause of action or that the plaintiff's right to relief . . . depends on resolution of a substantial question of federal law. . . .  Moreover, federal question jurisdiction must appear on the face of the complaint and [t]he complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law.

<u>Sac & Fox Nation of Okla. v. Cuomo</u>, 193 F.3d 1162, 1165-66 (10th Cir. 1999) (first, second, and fourth alterations in original) (citations and internal quotation marks omitted).

Plaintiff alleges the following in regard to the Running Deer Hills Defendants: Plaintiff sued the Property Owners of Running Deer Hills for failing to uphold neighborhood restrictions to end harassment against him; Defendant Judge Lucas allowed the property owners through their attorney Defendant Blake to miss deadlines and file false statements that resulted in dismissal of Plaintiff's civil action; and these Defendants failed to uphold the neighborhood restrictions and reservations, including the allowance of Defendant Bowles to

be a tenant rather than a property owner "as required."  (<u>See</u> Compl. at 3, 6, 8.)  There are no allegations against these Defendants that would identify them as being subject to the provisions and requirements of the ADA.  Even assuming that they were, Plaintiff is not recognized as an individual entitled to recover under that statute, as explained above.  Further, Plaintiff has not alleged that any of these Defendants' actions were taken under color of law such that he could have a cause of action against them for an equal protection violation under § 1983.  <u>See</u> <u>Gallagher</u>, 49 F.3d at 1447-56.  In sum, Plaintiff's complaint presents no cause of action against these Defendants that arises under or depends on the construction of any federal law. Therefore, Plaintiff's claims against the Running Deer Hill Defendants must be dismissed for lack of subject-matter jurisdiction.

*J. Defendants Martin Lewis [Lewis Russell] and D.A. Guthrie [Dana Guthrie]*

Defendants Lewis and Guthrie filed a motion to dismiss pursuant to Rule 12(b)(6) on February 20, 2008 (<u>see</u> Dkt. No. 104); Plaintiff's only response filed since that date does not appear to address these Defendants' motion specifically (<u>see</u> Dkt. No. 118).  Plaintiff's Complaint alleges that these Defendants failed to supply copies of recordings that Plaintiff had subpoenaed in state court and failed to "fully" investigate an assault reported by Plaintiff.  (<u>See</u> Compl. at 5-6.)  As explained above regarding other Defendants, however, such vague and conclusory allegations regarding previous state-court proceedings do not plausibly set forth a federal or constitutional claim to relief and are subject to dismissal.

*K. Defendants Donna Guidice; Demea Guidice; Cathey Miller; David Knight; Russ Horton*

Although these Defendants have not filed any motions to dismiss in this case, the Court may also sua sponte dismiss a pro se complaint. Sua sponte dismissal of a meritless complaint pursuant to Rule 12(b)(6) is appropriate when the complaint cannot be salvaged by amendment. Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir. 2001). "[A] sua sponte dismissal under Rule 12(b)(6) is not reversible error when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." McKinney v. State of Okla., Dep't of Human Servs., Shawnee, Okla., 925 F.2d 363, 365 (10th Cir. 1991) (citations omitted); see also Andrews v. Heaton, 483 F.3d 1070, 1074 & n.2 (10th Cir. 2007).

Liberally construed, Plaintiff's complaint alleges that the first three listed individuals, apparently neighbors of his, harassed him by "claiming dominion" over a private road in the Running Deer Hills neighborhood. Demea Guidice then filed a complaint that Plaintiff assaulted her with an automobile, leading to Plaintiff's arrest and incarceration. Plaintiff further alleges that the Cleveland County Sheriff's Department ignored Plaintiff's complaints about harassment and threats by these Defendants and that County vehicles parked on Miller's property in violation of neighborhood restrictions. Finally, Plaintiff refers to a tape in the possession of the Sheriff's Department allegedly recording Plaintiff's complaint about Demea Guidice walking into the path of Plaintiff's automobile. (See Compl. at 1-6, 8.) In regard to the other two individuals, Plaintiff similarly alleges that David Knight and Russ Horton failed to uphold neighborhood restrictions and reservations. (See id. at 8.)

17

None of Plaintiff's factual allegations would support a plausible federal or constitutional

claim for relief against these Defendants.  It is patently obvious that Plaintiff could not prevail

on the facts he has alleged, amendment would be futile, and these claims shall be dismissed.[7]

*L. Defendants "Parties Yet To Be Named"*

Plaintiff's complaint fails to include any discernable allegations regarding any federal

claim against as-yet-unknown defendants, and therefore dismissal of these defendants is

proper.  See Andrews, 483 F.3d at 1076.

*M. Disposition of Claims*

Because even accepting all well-pleaded factual allegations as true and drawing all

reasonable inferences from those facts in favor of Plaintiff, it is patently obvious that

amendment would be futile, Plaintiff's claims will be dismissed with prejudice.  Cf. Beedle v.

Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005); Curley, 246 F.3d at 1284; Cox. v. Rap-A-Lot

Records, No. 95-2236, 1996 WL 227233, at *1-2 (10th Cir. May 6, 1996) (unpublished

disposition cited for its persuasive value as per 10th Cir. R. 32.1(A)). The Court cannot

"reasonably read the pleadings to state a valid claim on which the plaintiff could prevail," and

---

[7] Although the docket sheet for this case indicates that Plaintiff has not obtained service of process on Defendants Knight and Horton of the summons and complaint in this case, "[i]t would serve no purpose for a plaintiff to complete service upon an unserved defendant, solely to allow dismissal with prejudice for failure to state a claim."  Bernegger v. Wash. Mut., F.A., No. 07-C-1028, 2008 WL 597811, at *2 (E.D. Wis. Mar. 3, 2008) (citing Mitchell v. Fairman, No. 95 C 3648, 1996 WL 420294, at *6 n.2 (N.D. Ill. July 24, 1996) ("It is reasonable to extend the practice [of dismissing defendants who have not joined in a motion to dismiss when they are similarly situated to the moving defendants or where the claims against all the defendants are integrally related] to unserved defendants . . . .  Because dismissal of the unserved defendants is on grounds asserted in the motion of the served defendants and the plaintiff has had an opportunity to respond, the potential unfairness inherent in sua sponte dismissal of a complaint prior to service is not present." (citation omitted))).

it will not "assume the role of advocate for the pro se litigant." <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1110 (10th Cir. 1991).

III. CONCLUSION

As outlined herein, Defendants' motions to dismiss (Dkt. Nos. 6, 8, 15, 17, 19, 21, 27, 30, 92, 93, 94, & 104) are GRANTED.   Plaintiff's complaint is hereby dismissed with prejudice.   All pending motions by Plaintiff are DENIED as MOOT.

IT IS SO ORDERED this 17th day of March, 2008.

ROBIN J. CAUTHRON
United States District Judge