IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN R. MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-07-1404-C |
| | ) | |
| STATE OF OKLAHOMA et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Following the Court's grant of various Defendants' motions to dismiss (see Order, Dkt. No. 131) and entry of judgment in this case (see J., Dkt. No. 132), the "Cleveland County Defendants"[1] filed a motion for recovery of attorney's fees.  (See Defs.' Mot., Dkt. No. 136.)  Plaintiff has failed to respond within the allotted time, see LCvR7.1(g), and this matter is now at issue.

The Cleveland County Defendants, as prevailing parties, seek recovery of attorney's fees pursuant to 42 U.S.C. § 1988(b).[2]  In § 1988(b) cases, "[a] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became

---

[1]  Plaintiff's complaint named more than forty defendants; for purposes of this order the Cleveland County Defendants are: Cleveland County, Oklahoma; Cleveland County Commissioner George Skinner; Cleveland County Commissioner Rusty Sullivan; Cleve[la]nd Co. Sheriff DeWayne Beggs; C.C. Deputy Lt. [Malcolm] Thomason; C.C. Deputy Thomas Edwards; C.C. Deputy Michael Finley; C.C. Deputy John Murrell; Martin Lewis [Lewis Monroe]; and D.A. Guthrie [Dana Guthrie].

[2]  This statute provides that "[i]n any action or proceeding to enforce a provision of . . . [§] 1983 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ."  42 U.S.C. § 1988(b).

so." <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412, 421-22 (1978) (noting that the

plaintiff's action must be "meritless" in the sense that it is groundless or without foundation,

although there is no requirement of subjective bad faith on the part of the plaintiff).  As

expressed by the Tenth Circuit:

> While a prevailing plaintiff ordinarily is entitled to attorney fees, a prevailing
> defendant in a civil rights action may recover attorney fees only if the suit was
> vexatious, frivolous, or brought to harass or embarrass the defendant.  This is
> a difficult standard to meet, to the point that rarely will a case be sufficiently
> frivolous to justify imposing attorney fees on the plaintiff.  The dismissal of
> claims at the summary judgment stage does not automatically meet this
> stringent standard.

<u>Mitchell v. City of Moore, Okla.</u>, 218 F.3d 1190, 1203 (10th Cir. 2000) (citations and

internal quotation marks omitted).

　　　　Having examined Plaintiff's claims,[3] <u>see</u> <u>Crabtree ex rel. Crabtree v. Muchmore</u>, 904

F.2d 1475, 1477-78 (10th Cir. 1990); (Compl., Dkt. No. 1, at 1-6), the Court has determined

that the claims against the Cleveland County Defendants, while unable to survive motions

to dismiss, were not so baseless that the Court can label them frivolous or vexatious.

Although the Court ultimately entered judgment for Defendants, Plaintiff legitimately

attempted to establish his claims for relief.  Plaintiff's complaint is not sufficiently frivolous

or without foundation to meet the "difficult standard" justifying the imposition of attorney's

fees, and the Court's dismissal of the claims does not mean that Plaintiff brought his claims

for an improper purpose.  <u>Cf.</u> <u>Mitchell</u>, 218 F.3d at 1203; <u>Clajon Prod. Corp. v. Petera</u>, 70

---

[3]As previously noted, the Court construed Plaintiff's complaint liberally due to his pro se
status.  <u>See</u> <u>Kay v. Bemis</u>, 500 F.3d 1214, 1218 (10th Cir. 2007).

F.3d 1566, 1581 (10th Cir. 1995) (noting that "rare circumstances" warrant an attorney's fee award to a § 1983 defendant).

<u>CONCLUSION</u>

The Cleveland County Defendants have failed to demonstrate that Plaintiff's claims were vexatious, frivolous, or brought for the purpose of harassment.  These Defendants' motion for recovery of attorney's fees (Dkt. No. 136) is therefore DENIED.

IT IS SO ORDERED this 29th day of April, 2008.


ROBIN J. CAUTHRON
United States District Judge